```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/06/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------X
UNITED STATES OF AMERICA,            :
                                     :
                                     :         **17 CR 767(VM)**
         -against-                   :         **DECISION AND ORDER**
                                     :
DEREK PARSONS,                       :
                                     :
                        Defendant.   :
-------------------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

By an undated letter, defendant Derek Parsons ("Parsons") moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582"). (See "Motion," Dkt. No. 24.) The Court denies the Motion for the reasons stated herein.

Parsons has failed to establish that the circumstances of his case warrant relief. To grant a sentence reduction under Section 3582, the Court must find that "extraordinary and compelling reasons warrant such a reduction." Courts are authorized "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." United States v. Brooker, No. 19 CR 3218, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020).

Here, Parsons argues that relief shall be granted in his case because of the "extraordinary circumstances presented by the coronavirus" and "his extraordinary accomplishments in rehabilitation." (Motion at 1.)

1

While the Court has considered Parsons's purported rehabilitative efforts and completion of First Step Act courses, the Court is unpersuaded that these efforts are "extraordinary and compelling" circumstances to establish entitlement to relief under Section 3582. Congress has expressly instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Parsons's efforts do not, either alone or in combination with the general circumstances all inmates have faced during the COVID-19 pandemic, meet the "extraordinary and compelling" standard of Section 3582. See, e.g., United States v. Saleh, No. 93 CR 181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) (recognizing a defendant's commendable institutional record but denying release).

Accordingly, it is hereby

**ORDERED** that defendant Derek Parson's motion for compassionate release (Dkt. No. 24) is **DENIED**. The Clerk of Court is directed to mail a copy of this Order to Derek Parsons, Register Number 79741-054, FCI-Allenwood Medium, U.S. Penitentiary, Smart Communications, P.O. Box 2000, White Deer, PA 17887, and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       06 June 2022

Victor Marrero
U.S.D.J.